{¶ 18} We have held that a Defendant who files a Crim. R. 32.1 motion to withdraw a guilty plea prior to sentencing must be afforded a full hearing on his motion. State v. Sulek, Greene App. No. 2004-CA-2,2005-Ohio-4514. The trial court considered and rejected the causes for the relief Defendant's motion sought on the basis of a conference with counsel, in chambers. No record was made of that meeting, and it appears that Defendant was not present.
 {¶ 19} Crim. R. 43(A) provides that "the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the sentencing." The same reasonably applies to a Crim. R. 32.1 motion to vacate the sentence the court has imposed. Therefore, on this record, the Defendant was not afforded a "full hearing" on his motion, notwithstanding the possible insufficiency of the grounds that were suggested by counsel when the motion was made and whatever was presented to the court by counsel in-chambers. I would reverse Defendant's sentence and remand for a full hearing on his motion. *Page 1